# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PARISIMA ABDULLAHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 4527 |
| | ) |
| PRADA USA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Prada USA Corp.'s ("Prada") motion to dismiss. For the reasons stated below, we grant the motion to dismiss and dismiss the instant action.

## BACKGROUND

Plaintiff Parisima Abdullahi ("Abdullahi") alleges that she worked for Prada as a sales person. Abdullahi alleges that in September 2001 Prada management and co-workers of Abdullahi began to insult her and to make derogatory and insensitive comments regarding her national origin. Abdullahi also claims that the management at Prada conspired against her to take away her customers and to harm her professional reputation by creating false customer complaints about her. Abdullahi

contends that she complained about the alleged mistreatment and that no actions were taken to correct the problem.

On March 10, 2006 Abdullahi filed a charge with the Equal Employment Opportunity Commission ("EEOC") ("First Charge") alleging discrimination against her due to her national origin and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (*See* 10/23/06 Charge). Abdullahi contends that shortly thereafter, on April 8, 2006, Prada terminated her employment in retaliation for the filing of the First Charge. On April 17, 2006, Abdullahi filed a second EEOC charge ("Second Charge") alleging discrimination and retaliation in violation of Title VII. (4/17/06 Charge). Finally, on October 23, 2006, Abdullahi filed a third EEOC charge ("Third Charge") alleging discrimination and retaliation in violation of Title VII due to her discharge. (10/23/06 Charge). Abdullahi also alleged in the Third Charge that after her termination, Prada continued to retaliate against her by "spreading rumors about [her], subject[ed] [her] to harassment and referr[ed] to [her] national origin and religion in derogatory terms." (10/23/06 Charge). On August 21, 2006, Abdullahi brought the instant action and filed an amended complaint on January 29, 2007, alleging that she was: (1) discriminated against because of her national origin and religion in violation of Title VII and 42 U.S.C. § 1981 ("Section 1981"), (2) subjected to a hostile work environment in violation of Title VII, and (3) retaliated against in violation of Title VII. Prada moves to dismiss the instant action.

# LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements

comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I.  Section 1981 Claim

Abdullahi alleges in her amended complaint that she was discriminated against because of her national origin in violation of Section 1981. (A. Compl. Par. 9(d)). However, the Seventh Circuit has held that "Section 1981 applies to allegations of discrimination based on race but not national origin." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). Thus, based upon the allegations in the amended complaint, Abdullahi has failed to state a proper Section 1981 claim and we grant Prada's motion to dismiss the Section 1981 claim.

II.  Title VII Claims

Prada argues that to the extent that Abdullahi's Title VII discrimination and hostile work environment claims are based upon conduct referenced in the First Charge and Second Charge, such claims are time-barred. Prada also contends that the allegations included in the Third Charge cannot support a valid Title VII retaliation claim.

### A. First and Second Charge Claims

Prada argues that any Title VII claims based upon the allegations in the First Charge or Second Charge are time-barred. Title VII requires the EEOC to notify an employee that has complained about employment discrimination of the employee's right to sue and "'within ninety days after the giving of such notice, a civil action may be brought.'" *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005)(quoting 42 U.S.C. § 2000e-5(f)(1)); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999)(stating that "[u]nder . . .Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue"). The 90-day period for the filing of a court action begins to run upon "actual receipt by the plaintiff" or "actual receipt by the plaintiff's attorney," of the notice of the right to sue letter, whichever occurs first. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). The 90-day period is also subject to waiver and equitable tolling. *See Brown v. J.I. Case Co.*, 756 F.2d 48, 50 (7th Cir. 1985)(stating that "the Supreme Court expressly stated that the ninety-day filing period of Title VII is not a 'jurisdictional prerequisite to filing a Title VII suit'"); *Threadgill*, 269 F.3d at 850

(stating that "[e]quitable tolling, however, is reserved for situations in which the claimant 'has made a good faith error (*e.g.,* brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time'")(quoting in part *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)).

In the instant action, Abdullahi alleges in her amended complaint that she received the Notice of Right to Sue letter for the Second Charge on April 28, 2006. (A. Compl. Par. 8); (4/28/06 NRTS). In the original complaint that Abdullahi filed in this case, she claimed that she received a Notice of Right to Sue letter for the First Charge on May 5, 2006 and Abdullahi does not contest this date in her answer to the motion to dismiss. (Compl. Par. 71., 7.2, 8). Abdullahi did not bring the instant action until August 21, 2006, which was beyond the 90-day period following Abdullahi's receipt of the Notice of Right to Sue letters for both the First Charge and the Second Charge.

Abdullahi has not presented any arguments that the equitable tolling doctrines would apply in this instance. She has not, for instance, presented any facts that show that she was prevented from bringing an action in a timely fashion. She acknowledges her receipt of the Notice of Right to Sue letters and although she is proceeding *pro se*, she must comply with the federal substantive and procedural rules. *See McMasters v. United* States, 260 F.3d 814, 818 (7th Cir. 2001)(stating that "[t]he fact that [the plaintiff] was proceeding *pro se* [did] not excuse her failure to comply with procedural rules"). We also note that the Notice of Right to Sue letters

specifically informed Abdullahi in bold print that any lawsuit based upon the charge had to be filed "within 90 days from [her] receipt of [the] Notice. . . ." (4/28/06 NRSL). Abdullahi has not presented any justification to excuse her delay in bringing her Title VII claims based upon the allegations in the First Charge and Second Charge. Therefore, we grant Prada's motion to dismiss the Title VII discrimination claims and hostile work environment claims based upon the allegations in both the First Charge and the Second Charge.

B. Retaliation Claim in Third Charge

Prada argues that the Third Charge fails to contain allegations that can support a Title VII retaliation claim. As noted above, Abdullahi alleges that in March 2006, she filed the First Charge and that Prada terminated her employment on April 8, 2006. (A. Compl. 5). Abdullahi subsequently filed the Second Charge on April 17, 2006, which included allegations that encompassed Abdullahi's alleged mistreatment during her employment and the retaliatory action taken in the form of her discharge. As indicated above, Abdullahi failed to act in a timely fashion in regards to the alleged misconduct referenced in both the First Charge and the Second Charge and her claims are time-barred. Although Abdullahi references in her Third Charge her mistreatment at work and her discharge, her right to sue based upon such allegations has already been extinguished. *See Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004)(stating that "[a]s [the plaintiff] filed suit in federal court more than 90 days after she received her right-to-sue letter from her first and second

EEOC charges, . . . the allegations stated therein [were] not properly before [the court] and [the plaintiff] is limited to the claims explicitly stated in her third EEOC charge or claims 'reasonably related' to those charges"). The 90-day filing requirement would indeed be meaningless if a party could revive claims by simply filing a new charge. The Third Charge was filed over six months after Abdullahi's termination. The only new allegations that she included in the Third Charge were that Prada continued "spreading rumors about [her], subject[ed] [her] to harassment and referr[ed] to [her] national origin and religion in derogatory terms." (10/23/06 Charge). (10/23/06 Charge). Abdullahi also claims that after her termination, she was accused of stealing items from Prada and that she heard from former customers of Prada that management and employees at Prada "jok[ed] that there 'was no more threat of a bomb exploding in the locker room.'" (A. Compl. 5-6). At the time of the alleged statements and harassment mentioned in the Third Charge, Abdullahi was no longer an employee of Prada. Thus, the allegations do not implicate Title VII since they do not involve alleged misconduct between an employer and employee. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662 (7th Cir. 2006)(stating that "Title VII makes it unlawful 'for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII]'")(quoting in part 42 U.S.C. § 2000e-3(a)); *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999)(stating that "[s]ince [the plaintiff] was not an employee . . . her Title VII . . . claim[] must fail"). In addition, for a Title VII retaliation claim, a plaintiff must

establish that an employer took an "adverse employment action" against the plaintiff. *Moser v. Ind. Dep't of Corrections*, 406 F.3d 895, 903 (7th Cir. 2005). The alleged misconduct referenced in the Third Charge allegedly occurred after the termination of Abdullahi's employment and Abdullahi does not allege any facts that would indicate that the alleged misconduct could involve any action on the part of Prada that could be deemed an employment action taken against Abdullahi. Thus, the allegations included in the Third Charge do not implicate the protections of Title VII and we grant the motion to dismiss the Title VII retaliation claim that is based upon the allegations in the Third Charge.

III. Remaining Claims

Since Abdullahi is proceeding *pro se*, we are required to liberally construe her amended complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

A. ADEA Claim

Prada points out in its reply that Abdullahi includes an isolated statement in her amended complaint alleging that "employees would tease [her] about having menopause," which raises age discrimination concerns and Abdullahi included a similar allegation in her answer to the motion to dismiss. (A. Compl. 5); (Ans. 4). Prada argues that Abdullahi is precluded from bringing an ADEA claim in this case. We note that the complaint form used by Abdullahi for her amended complaint

specifically included a box to check if she intended to bring an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Abdullahi declined to check the ADEA box. (A. Compl. Par. 9). Also, other than the isolated reference to menopause in the amended complaint, there are no specific allegations of age discrimination in the amended complaint or in the EEOC charges filed by Abdullahi. However, to the extent that Abdullahi's allegations could be read as an intent to plead an ADEA claim, such a claim is barred since age discrimination was not referenced in any of her EEOC charges and such allegations are not related to the allegations in the EEOC charges. *See Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)(stating that a plaintiff can only bring claims that are "'like or reasonably related to' the allegations in the EEOC charge"). In addition, an ADEA claim based upon conduct during Abdullahi's employment would be untimely since over 300 days have passed since the alleged misconduct, which allegedly occurred prior to April 8, 2006. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994)(stating that "[t]he ADEA requires potential plaintiffs to file a complaint with the EEOC within 300 days of the alleged discriminatory practice"). Abdullahi has not provided any facts that would indicate that the equitable tolling doctrines would apply to an ADEA claim. Therefore, to the extent that the allegations in the amended complaint implicate the ADEA, the claim is dismissed.

B. State Law Claims

In the Third Charge Abdullahi alleges that Prada continued to retaliate against her by "spreading rumors about [her], subjecting [her] to harassment and referring to [her] national origin and religion in derogatory terms." (10/23/06 Charge). Abdullahi thus indicates in her Third Charge that she was somehow wronged through alleged statements, the spreading of rumors, and harassment by Prada employees after her termination. Such allegations could possibly raise issues related to certain state causes of action.

Since the federal based claims have been dismissed in this case and only the state law claims remain, we must determine whether to retain supplemental jurisdiction over the state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007)(indicating that there is no "'presumption' in favor of relinquishing supplemental jurisdiction" and that a court should retain jurisdiction where a statute of limitations would bar future suits, where "substantial federal judicial resources have already been expended on the resolution of the supplemental claims," and "where it is obvious how the claims should be decided"); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts"); *Timm v. Mead Corp.*, 32 F.3d

273, 276 (7th Cir. 1994)(indicating that the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources"). We note that since this case is at the pleadings stage, substantial federal judicial resources have not been expended on the resolution of the supplemental claims. We have considered all of the pertinent factors and we decline to exercise supplemental jurisdiction as a matter of discretion over the remaining state law claims. Therefore, the remaining state law claims are dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Prada's motion to dismiss in its entirety and dismiss the remaining state law claims without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 23, 2007